Mitchell B. Seidman (MS0894)
Andrew Pincus (AP9295)
**SEIDMAN & PINCUS, LLC**
*Proposed Counsel to the Debtor*
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, New Jersey 07604
(201) 473-0047

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

SHIVSHAKTI REALTY, LLC,

                  Debtor.

Chapter 11
Case No. 11-40099

## CERTIFICATION PUSUANT TO LOCAL RULE 1007-4

HARSHAD PATEL hereby certifies pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Managing Member of East End Hospitality Management Co., LLC, which is the Managing Member of Shivshakti Realty, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"). I am fully familiar with the facts and circumstances recited herein based on my own personal knowledge or based upon my review of documents contained in the Debtor's files in the ordinary course of its business. I submit this certification pursuant to the requirements of Local Bankruptcy Rule 1007-4.

2. The Debtor likely qualifies as a "small business debtor" within the meaning of Bankruptcy Code § 101(51D) because its aggregate non-contingent liquidated secured and unsecured debts as of the date hereof appear to be $1.89 million, which is not more than $2,343,300. However, the Debtor has not yet prepared its schedules and it is possible that its debts may exceed that statutory amount when they are reviewed in more detail.

3. The nature of the debtor's business and a statement of the circumstances leading to its filing under chapter 11 of the Bankruptcy Code are as follows:

(a) Prior to December 26, 2010, the Debtor was engaged in the business of a operating a 144 room hotel (the "Hotel"), known as the "Golden Gate Motor Inn" from property located at 3867 Shore Parkway, Brooklyn, New York (the "Property"), which it leased from Krishna Management, LLC ("Krishna"), an entity having common ownership with the Debtor.

(b) In recent years, the Debtor's business operations have not been profitable, requiring frequent infusions of capital from the Debtor's equity holders to pay basic operating expenses, including rent, payroll and insurance. Further, because the Debtor has been unable to pay the full rental obligation owing to Krishna, Krishna has been rendered largely unprofitable and unable to meet its obligations to its mortgage holder and to the real estate taxing authorities. Due to the long-standing and continuing need for such capital infusions, the Debtor's management and equity holders determined to close down the Hotel's operations.

(c) In December 2010, Krishna located a party interested in purchasing the Property and has entered into a contract of sale. The proposed sales price is sufficient to meet all of Krishna's secured and unsecured obligations, leaving substantial value to Krishna's equity holders. Krishna's equity holders (who are also the Debtor's equity holders) have indicated a willingness to utilize their equity distributions from Krishna to infuse capital into the Debtor sufficient to enable it to meet all of its obligations, including those for severance and other benefits owing to the Hotel Association of New York City, Inc. and New York Hotel and Motel Trades Council, AFL-CIO (the "Union") and the Debtor's Union employees pursuant to a collective bargaining agreement dated July 1, 2001, as amended from time to time (the "Union Contract").

(d) The Union Contract contains a provision which requires the Debtor to cause any purchaser of the Hotel to assume the Union Contract. However, the party interested in purchasing the Property intends to operate a school and thus has no interest in assuming a Union Contract requiring the employment of hotel employees. Thus, unless the Union agrees to remove or waive that provision of the Union Contract, Krishna will lose the buyer, and the Debtor will lose its ability to satisfy its obligations to creditors. Despite good faith efforts by the Debtor to negotiate with the Union, the Union has been unwilling to waive the provision of the Union Contract requiring the Debtor to cause any buyer of the Hotel to assume the Union Contract. Further, the Union has commenced arbitration to compel the Debtor to honor that provision of the Union Contract or incur substantial penalties. The equity holders of Krishna have indicated that they will not fund the Debtor's obligations to creditors if such penalties are imposed.

(e) On December 26, 2010, the Debtor's management and equity holders shut down the Debtor's business operations and determined to cause the Debtor to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code for the purposes of

continuing negotiations with the Union, and, if necessary rejecting the Union Contract pursuant to § 1113 of the Bankruptcy Code, and making a distribution to creditors pursuant to a chapter 11 plan of liquidation.

4. This case was not originally commenced under chapter 7, 12 or 13.

5. No committee was organized prior to the Debtor's filing.

6. Attached hereto as **Exhibit A** is a schedule of the Debtor's twenty (20) largest unsecured claims, which includes the name, address, amount of claim and whether the claim is contingent, unliquidated, disputed or partially secured. The schedule includes certain creditors that may hold some priority under the Bankruptcy Code for all or a portion of their claims.

7. The Debtor has no secured creditors.

8. A balance sheet, showing a summary of the Debtor's assets and liabilities as of October 31, 2010, prepared by the Debtors' accountants is annexed hereto as **Exhibit B**.

9. The Debtor is a limited liability company and there are no separate classes of membership interests; all are common interests with voting rights. A complete schedule of the Debtor's equity holders is annexed hereto as **Exhibit C**.

10. There is no property of the Debtor in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

11. As noted above, the Debtor leases the Hotel from Krishna pursuant to a lease agreement.

12. The Debtor's primary asset and its books and records are located at 3867 Shore Parkway, Brooklyn, New York 11235, which is the site of the Hotel. The Debtor holds no assets outside of the territorial limits of the United States.

13. As noted above, the Debtor is in the midst of arbitration before the Office of the Impartial Chairperson, 321 West 44th Street, Suite 400, New York, New York 10036, with the Union under which a penalty may ultimately be imposed. There is no other action or proceeding pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent.

14. The Debtor's Senior Management consists of the following individuals with the following experience:

(a) Nikul Patel has 5 years of hotel management experience and serves as General Manager of the Hotel. He is primarily responsible for the day-to-day activities and operations of the business, including operating the Hotel, dealing with vendors, and hiring and firing.

(b) Harshad Patel also serves as a manager of the Hotel. He has 10 years experience in the hotel management business.

15. The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition is $0.00 inasmuch as the Hotel was closed prior to the filing of the petition and all employees' wages have been paid in full.

16. The amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to the Debtor's managers is $0.00.

17. In the 30 days following the filing of the Petition, the Debtor will incur rental expense of $25,000, utility expenses of approximately $8,000, real estate taxes of approximately $40,000, insurance obligations of approximately $6,000, and security services of approximately $2,500, for a total of approximately $81,500. During that same period, the Debtor expects to receive payment on account of one outstanding receivable from American Red Cross in the amount of $35,770.

I certify that the foregoing is true under penalty of perjury.

Dated: January 7, 2011

                                                  /s/ Harshad Patel
                                                    Harshad Patel